**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

SABAL TRAIL TRANSMISSION, LLC,

    Plaintiff,

v.

+/- 9.636 ACRES OF LAND IN
MARION COUNTY FLORIDA, K5G,
LLC, FLORIDA FEDERAL LAND
BANK ASSOCIATION, FLCA, BUDDY
HIERS, AND UNKNOWN OWNERS,
IF ANY,

    Defendants.
_____/

Case No: 5:16-cv-204-Oc-30PRL
Tract No(s): FL-MA-013.000

# ORDER

At a hearing on May 13, 2016, the parties informed the Court that Defendant K5G, LLC has stipulated to the granting of Plaintiff Sabal Trail Transmission LLC's ("Sabal Trail") Motion for Partial Summary Judgment (Doc. 2) and Motion for Preliminary Injunction (Doc. 3) confirming Sabal Trail's right to condemnation and for immediate possession.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. Plaintiff Sabal Trail Transmission LLC's Motion for Partial Summary Judgment (Doc. 2) is GRANTED.

2. Plaintiff Sabal Trail Transmission LLC's Motion for Preliminary Injunction (Doc. 3) is GRANTED.

3.	Sabal Trail Transmission, LLC may immediately access and possess the easement areas described and depicted in the form Grant of Easement attached as Exhibit A, pursuant to the terms and conditions of Exhibit A and the Agreement Regarding Grant of Easement negotiated between the parties, for the purpose of constructing and operating the subject pipeline project in accordance with the Certificate of Public Convenience and Necessity issued by the Federal Energy Regulatory Commission (Docket No. CP15-17-000).

**DONE** and **ORDERED** in Tampa, Florida, this 1st day of June, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

**Prepared By:**
Scott A. McLaren, Esq.
Hill, Ward & Henderson, P.A.
101 E. Kennedy Blvd, Suite 3700
Tampa, FL 33629

**Return to:**
Keith Buckalew
Right of Way Department
Sabal Trail Transmission, LLC
418 SW 140th Terrace
Newberry, FL 32669

## GRANT OF EASEMENT

**STATE OF FLORIDA**

**COUNTY OF MARION**                                                        **TRACT NO. FL-MA-013.000**

     THIS GRANT OF EASEMENT (the "Grant of Easement") is executed to be effective as of the 24th day of May, 2016, by **K5G, LLC**, a Florida limited liability company, whose address for purpose of this grant is 18485 W. Highway 328, Dunnellon, Florida 34432 ("**Grantor**"), in favor of **SABAL TRAIL TRANSMISSION, LLC**, a Delaware limited liability company, whose address is 5400 Westheimer Court, Houston, Texas 77056 ("**Grantee**").

## RECITALS

     WHEREAS, Grantor is the owner in fee simple of that certain real property which is located in Section 12, Township 15 South, Range 18 East and in Section 7 and Section 18, Township 15 South, Range 19 East, Marion County, Florida, and being the same land described in that certain Warranty Deed executed by 328/41, LLC, a Florida limited liability company, in favor of Grantor, dated December 16, 2013, and recorded December 17, 2013, in Official Records Book 5972, Page 243, Public Records of Marion County, Florida ("**Grantor Fee Property**"); and

     WHEREAS, Grantee is constructing a pipeline for the purpose of transporting natural gas ("**Pipeline**") and desires a permanent easement over, under and through a portion of Grantor Fee Property for the Pipeline Facilities, as hereinafter defined; and

     WHEREAS, Grantee further desires a temporary easement over a portion of Grantor Fee Property for the purpose of temporary workspace during the construction of the Pipeline Facilities, as hereinafter defined; and

     WHEREAS, Grantee further desires a temporary easement over a portion of Grantor Fee Property for the purpose of a temporary access road during the construction of the Pipeline Facilities; and

FL-MA-013.000
K5G, LLC

1                                                                                **EXHIBIT A**

**WHEREAS**, Grantor has agreed to grant to Grantee an exclusive permanent easement over, under and through a portion of Grantor Fee Property for the Pipeline Facilities, and a temporary easement over a portion of Grantor Fee Property for construction and temporary workspace and a temporary easement over a portion of Grantor Fee Property for a temporary access road upon the terms and conditions set forth herein.

KNOWN ALL BY THESE PRESENTS: that Grantor, for and in consideration of the sum of Ten and No/100ths Dollars ($10.00), and other good and valuable consideration paid by Grantee, Grantor hereby grants to Grantee as follows:

1. Grant of Easements

    1.1. Grant of Permanent Easement. Grantor hereby grants, bargains, sells, assigns and conveys to Grantee an exclusive, permanent easement (**"Permanent Easement"**) over, under, and through the property legally described on **Exhibit "A"** attached hereto and made a part hereof by this reference (**"Permanent Easement Property"**), for the purpose of constructing, laying, installing, maintaining, operating, inspecting, altering, repairing, replacing, and removing one (1) 36-inch underground Pipeline for the transportation of natural gas, together with fittings, connections, pipeline markers, cathodic and other protection equipment used or useful in the construction, use, operation, repair, replacement, maintenance and removal of the Pipeline, and to erect, operate, maintain, repair and remove underground data and communications equipment and other appurtenances which are used or useful to the operation or maintenance of the Pipeline (the Pipeline together with all necessary and useful appurtenances thereto are sometimes collectively referred to as the **"Pipeline Facilities"**). This Permanent Easement does not allow, and specifically excludes, any and all above ground improvements other than above ground pipeline markers and cathodic protection devices. The Permanent Easement Property shall be 50 feet in width and is depicted as the "Permanent Easement Area" on the survey attached as **Exhibit "A"** (**"Easement Survey"**). In order to access the Permanent Easement Property, the Permanent Easement includes the right of ingress and egress over, upon and across the Permanent Easement Property, but does not include any rights to ingress and egress over any other portion of Grantor Fee Property, except as set forth in Sections 1.2 and 1.3 below. The right of ingress and egress over, upon and across the Permanent Easement Property is limited to access for the purpose of constructing and maintaining the Pipeline Facilities and for vegetative restoration and is not to be construed as a general grant of access easement.

    1.2 Grant of Temporary Construction Easement. Grantor hereby grants, bargains, sells, assigns and conveys to Grantee a temporary construction easement over, upon and across the property as shown on the Easement Survey (**"Temporary Construction Easement Property"**), as may be necessary to conduct Grantee's construction activities in connection with the Pipeline Facilities and/or as may be necessary to store equipment and materials during the construction of the Pipeline Facilities (**"Temporary Construction Easement"**). The Temporary Construction Easement Property is depicted as "Temporary Workspace" and "Additional Temporary Workspace" on the Easement Survey. In order to access the Temporary Construction Easement Property, the Temporary Construction Easement includes a temporary easement for ingress and egress over, upon and across the Temporary Construction Easement Property, but

does not include any rights to ingress and egress over any other portion of Grantor Fee Property, except as set forth in Sections 1.1 and 1.3.

1.3   Grant of Temporary Access Road Easement. Grantor hereby grants, bargains, sells, assigns and conveys to Grantee a temporary access road easement over, upon and across the property as shown on the Easement Survey (**"Temporary Access Road Easement Property"**) as may be necessary for access to the Permanent Easement Property and Temporary Construction Easement Property in connection with the construction of the Pipeline Facilities (**"Temporary Access Road Easement"**). The Temporary Access Road Easement Property is depicted as "Temporary Access Road" on the Easement Survey.

1.4   Compensation to Grantor Fee Property. Grantor and Grantee agree that the above mentioned consideration included payment for all damages for the construction of Pipeline Facilities, including any severance damages to Grantor Fee Property. However, after the Pipeline Facilities have been constructed hereunder, Grantee shall not be liable for damages within the Permanent Easement in the future which are solely caused by keeping the Permanent Easement clear of trees, undergrowth, brush, structures, or any other obstructions that interfere with the use of the Permanent Easement.

2.   Termination of Temporary Construction Easement and Temporary Access Road Easement. The Temporary Construction Easement and Temporary Access Road Easement and all rights related thereto shall terminate and all rights to the Temporary Construction Easement Property and Temporary Access Road Easement Property shall revert back to Grantor no later than June 1, 2018. However, following the reversion of the Temporary Construction Easement Property and Temporary Access Road Easement Property, Grantee will still be permitted access limited to this area, for a period of two (2) years for the limited purpose, to monitor and maintain the re-vegetative restoration of the Temporary Construction Easement Property in accordance with Grantee's federal and state authorizations for the Pipeline installation. During this two (2) year monitoring period, Grantor's use of the Temporary Construction Easement Property and the Temporary Access Road Easement Property shall not be limited, except that such use shall not interfere with Grantee's vegetative restoration activities.

3.   Termination of Easement. In the event Grantee fails to commence construction of the Pipeline on the Permanent Easement Property prior to December 31, 2020, this Grant of Easement shall terminate and shall be null and void, and Grantee shall record in the Public Records of Marion County, Florida a release of all rights and interests granted under this Grant of Easement.

4.   Pipeline. The Pipeline shall not exceed thirty-six inches (36") in diameter and shall be buried to a minimum depth of forty-eight inches (48") from the top of the Pipeline to the existing surface of the ground. The Pipeline shall only be used for the purpose of transporting natural gas.

5.   Reservation of Rights. Grantor reserves the right to use Grantor Fee Property for any lawful purpose not inconsistent with Grantee's rights herein granted by Grantor and which does not interfere with Grantee's use of the Permanent Easement, Temporary Construction Easement and/or Temporary Access Road Easement. Notwithstanding the foregoing, Grantor shall not

FL-MA-013.000
K5G, LLC

change the grade of, excavate, fill or flood the Permanent Easement Property, or interfere with the Grantee's vegetative maintenance activities to the extent deemed necessary by Grantee. In accordance with the terms of that certain Agreement regarding Grant of Easement by and between Grantor and Grantee dated of even date herewith, Grantor shall obtain Grantee's approval of all planned road crossings and parking areas impacting the Permanent Easement Property.

6. <u>Rights of Grantee</u>. This Grant of Easement shall include, and Grantee shall have, all other rights and benefits necessary or convenient for the full enjoyment of the use of the rights herein granted, including but not limited to: the rights to remove, clear and to keep clear, in the exercise of Grantee's reasonable discretion and with no additional compensation to Grantor, all buildings, walls or similar structures, above or below ground swimming pool, decks, pipelines and conduits, septic systems, leach fields, wells, rocks, trees, brush, limbs and any other structures or obstructions in or on the Permanent Easement Property which might interfere with the use of the Permanent Easement or the free and full right of ingress and egress; and to do any other lawful activities which are incidental to or helpful for the intended uses of the Permanent Easement set forth above.

7. <u>Benefits and Burdens</u>. This Grant of Easement shall run with the land and be binding upon and inure to the benefit of the parties hereto and their respective heirs, successors and assigns. Without limiting the generality of the foregoing, it is further understood and agreed that the rights and benefits granted to Grantee by this Grant of Easement may be assigned, in whole or in part, and shall inure to the benefit of Grantee's assignees, contractors, subcontractors and agents.

8. <u>Mortgage Subordination</u>. Any mortgage or deed of trust affecting any portion of the property encumbered hereby shall at all times be subject and subordinate to the terms of this Grant of Easement and any party foreclosing any such mortgage or deed of trust, or acquiring title by deed in lieu of foreclosure or trustee's sale, shall acquire title subject to all of the terms and provisions of this Grant of Easement.

9. <u>No Waiver</u>. The failure of Grantee to exercise any rights herein conveyed in any single instance shall not be considered a waiver of such rights and shall not bar Grantee from exercising any such rights in the future, or if necessary, seeking an appropriate remedy in conjunction with such rights.

IN WITNESS WHEREOF, the Grantor has executed this Grant of Easement as of the day and year first set forth above.

Signed, sealed and delivered
in the presence of:

**GRANTOR:**

**K5G, LLC**, a Florida limited liability company

By: _/s/ Donald L. Smith_
Donald L. Smith, Manager

Name: _Melissa Austin_
(Print or Type Name)

Name: _Ashley Segarra_
(Print or Type Name)

(Corporate Seal)

STATE OF FLORIDA
COUNTY OF _Marion_

The foregoing instrument was acknowledged before me this _24th_ day of _May_, 2016, by Donald L. Smith, as Manager of K5G, LLC, a Florida limited liability company, on behalf of the company.  He ☒ is personally known to me or ☐ has produced _____ as identification.

[Affix Notarial Seal or Stamp]

MANDY M. CONGER
MY COMMISSION # EE 214713
EXPIRES: July 8, 2016
Bonded Thru Notary Public Underwriters

_/s/ Mandy M Conger_
Notary Public

_Mandy M Conger_
(Type, Print or Stamp Name)

My Commission Expires: _July 8, 2016_

FL-MA-013.000
K5G, LLC

5

EXHIBIT "A"

FL-MA-013.000
K5G, LLC

6

8541698v1



EXHIBIT A                                                                 Page 1 of 1

SABAL TRAIL TRANSMISSION
AREA OF PERMANENT EASEMENT
19981-000-00
CITY OF DUNNELLON, MARION COUNTY, FLORIDA

**Permanent Easement Area**

A permanent easement of 50 feet width, in, over and across land now or formerly of K5G, LLC, A FLORIDA LIMITED LIABILITY COMPANY (Grantor), lying in Section 12 - Township 15S - Range 18E, Section 7 - Township 15S - Range 19E and Section 18 - Township 15S - Range 19E in the City of DUNNELLON, Florida, designated as assessor tract 19981-000-00 with the County of MARION Property Appraiser, and more particularly described in Book 5972 Page 243 with the Official Records of the Clerk of Courts of MARION County (OR). Said permanent easement is defined as an offset each side of a proposed pipeline centerline and is more particularly described as follows:

Beginning at a point of intersection of the easterly boundary of land now or formerly of CSX TRANSPORTATION RAILROAD, and more particularly described on right-of-way and track map, Atlantic Coast Line R.R. co., station 7487+36 to station7592+96, with said proposed pipeline centerline, said POINT OF BEGINNING having a UTM Zone 17 North NAD83 (2007) US Survey Feet Coordinate of North 10,596,813.26 and East 1,181,980.97, where said permanent easement is defined as being 50 feet in width, 25 feet offset each side of said proposed pipeline centerline, thence passing through said land of the Grantor along said proposed pipeline centerline the following courses and distances:

| | |
|---|---|
| S 66° 06' 21" E | a distance of 138.97 feet, more or less to a point, thence; |
| S 58° 38' 08" E | a distance of 40.00 feet, more or less to a point, thence; |
| S 46° 38' 06" E | a distance of 40.00 feet, more or less to a point, thence; |
| S 39° 09' 52" E | a distance of 1,081.60 feet, more or less to a point, thence; |
| S 50° 11' 44" E | a distance of 282.55 feet, more or less to a point, thence; |
| S 50° 13' 38" E | a distance of 561.19 feet, more or less to a point of intersection of the northeasterly boundary of land now or formerly of J. H. LYBASS, JR. FAMILY LLC., A FLORIDA LIMITED LIABILITY COMPANY, AS TO AN UNDIVIDED 33.3333 INTEREST; OREGON E. LYBASS, AS TO AN UNDIVIDED 33.3333 INTEREST; AND T.G. LYBASS LIMITED PARTNERSHIP, A FLORIDA LIMITED PARTNERSHIP, FORMERLY KNOWN AS LYBASS LIMITED PARTNERSHIP, AS TO AN UNDIVIDED 33.3333 INTEREST, designated as tract 19999-007-00 and more particularly described in Book 2143 Page 1529, Book 2737 Page 845 and Book 3111 Page 1490 with said proposed pipeline centerline, and the POINT OF TERMINATION, which concludes the defined permanent easement as it pertains to the Grantor's land described herein (said POT having a UTM Zone 17 North NAD83 (2007) US Survey Feet Coordinate of North 10,595,330.18 and East 1,183,502.74). |

The above described Permanent Easement Area contains 2.464 acres more or less, and is also depicted on a plat prepared by SGC Engineering, LLC entitled: "FL-MA-013.000 - PERMANENT PIPELINE EASEMENT & TEMPORARY WORKSPACE AREAS, OWNER: "KG5,LLC", Dated: June 9th, 2015, previously unrecorded but made a part of this conveyance.

The intent of this deed is to describe and convey a contiguous permanent easement of 50 feet width, herein defined as an offset each side of a proposed pipeline centerline, in as much the Grantor has rights from land now or formerly of CSX TRANSPORTATION RAILROAD to land now or formerly of J. H. LYBASS, JR. FAMILY LLC, A FLORIDA LIMITED LIABILITY COMPANY, AS TO AN UNDIVIDED 33.3333 INTEREST; OREGON E. LYBASS, AS TO AN UNDIVIDED 33.3333 INTEREST; AND T.G. LYBASS LIMITED PARTNERSHIP, A FLORIDA LIMITED PARTNERSHIP, FORMERLY KNOWN AS LYBASS LIMITED PARTNERSHIP, AS TO AN UNDIVIDED 33.3333 INTEREST. Easement limits propagate by, along, and through the land of the Grantor, to the extent as shown on EXHIBIT A or as a subsequent boundary survey may determine.

_____
Raymond J. Hintz
State of Florida
Professional Surveyor and Mapper No. PSM4908